[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Elizabeth B. Byer and Anita R. Mancoll, defendants herein, appeal from and seek a court review of the plaintiff's, Commissioner of Transportation, Statement of Compensation issued in conjunction with the partial taking by the plaintiff of certain premises known as 1367 East Street, New Britain, and owned by the defendants.
The defendants contend that they are aggrieved by the plaintiff's taking of said premises and his valuation of the damages suffered by the defendants resulting from that taking.
The court finds that the defendants are aggrieved by the plaintiffs action in the taking from them of premises and in the valuation of the damages resulting to the defendants, thus have standing to participate in this appeal.
The defendants are not contesting the taking by the plaintiff; they do, however, question the reasonableness of his valuation. Thus, evidence has been presented by each party in support of their respective positions on the valuation.
The plaintiff presented through his appraiser, the full appraisal reports, which detail the factual basis and methodology employed in the report to arrive at the plaintiffs valuation of the damages to the defendants in the sum of $10,700.00.
The defendants also presented their appraiser and his detailed report by which he arrived at a valuation of $37,000 as the damages suffered by the defendants to their premises by the plaintiff's taking.
Both expert appraisers thoroughly examined and reviewed the site and presented valuations at or about the date of the taking and the effect on that valuation resulting from the taking both permanent and temporary. CT Page 13693
The court notes that the taking involves a narrow strip of the premises abutting a busy highway. That the highway, for which the taking is required, is proposed to be widened and somewhat raised above the defendants' premises. This required that the shoulders of the highway be sloped downward from the proposed highway into the defendants' premises. It also requires a similar sloping of the driveway into the premises. These somewhat minor construction changes, however, have a substantial negative impact on the defendants' premises. These premises have a commercial facility operating on it. Daily, frequent deliveries occur by large trailer trucks. These trucks require sufficient area to turn around to deliver their cargo as well as to drive out of the premises. The changes proposed by the plaintiff also require the removal of some employee parking spaces as well as increasing the driveway's upward grade. The result is greater difficulties for the trucks to deliver and remove items from the business on the premises. Further, other employee parking facilities will be required on premises to replace those lost through the taking.
Evidence presented by the parties through their individual qualified appraiser valued the premises by the plaintiffs appraiser at $10,700, and by the defendants' appraiser at $37,000.00. The differences in valuations between the appraisers were based in part on the comparable sales each used as his basis for arriving at the valuation.
The court, after hearing the evidence presented by the witnesses, examining the exhibits introduced and taking into consideration the arguments presented by each party, determines that the fair compensation to the defendants is the market value of the defendants' premises being taken of $21,000.00. That this compensation is for the defendants' damages from both the permanent and temporary taking. The court finds that this valuation is fair and just.
The court further finds that interest at the rate of 8 percent on the unpaid amount is fair and just. This interest rate is to apply to that portion of the compensation found by the court to be fair and just and that is in excess of the $9,550 deposited by the plaintiff with the Clerk of the Superior Court. The payment of interest is to cover the period from July 21, 2001 to the date of the payment by the plaintiff to the defendants on the sum between the $9,550 previously paid to the Clerk of Court, and the sum of $21,000 found by the court to be fair and just compensation for the property condemned by the plaintiff
Therefore, judgment is to enter for the defendants to receive the sum of $21,000 less the sum of $9,550 previously paid by the plaintiffs, with interest at the rate of 8 percent on the unpaid balance, plus court costs, which are to include the appraiser's fees of $1,300.00
___________________ Julius J. Kremski, J.T.R. CT Page 13694
[EDITORS' NOTE: This page is blank.] CT Page 13695